**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4602**
_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

JUNIOR LEE PARDUE,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville.  Richard L.
Voorhees, District Judge.  (5:11-cr-00073-RLV-DSC-24)

_____

Submitted:  March 19, 2014        Decided:  April 10, 2014

_____

Before AGEE, DIAZ, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

D. Baker McIntyre III, Charlotte, North Carolina, for Appellant.
Amy Elizabeth Ray, Assistant United States Attorney, Asheville,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Junior Lee Pardue pled guilty to conspiracy to distribute, possess with intent to distribute, and manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2012). The district court sentenced him to a total of 100 months in prison and four years of supervised release. On appeal, counsel for Pardue filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but questioning the reasonableness of the sentence. Pardue has not filed a supplemental pro se brief, despite notice of his right to do so. We affirm Pardue's conviction and sentence.

In reviewing a sentence, we must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, or failing to adequately explain the sentence. Gall v. United States, 552 U.S. 38, 51 (2007). The district court is not required to "robotically tick through § 3553(a)'s every subsection," United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006), but "must place on the record an individualized assessment based on the particular facts of the case before it" that is sufficient to permit appellate review. United States v.

2

Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).

If the defendant did not argue for a sentence different than the one imposed, our review is for plain error. See United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010). But "[i]f a party repeats on appeal a claim of procedural sentencing error . . . which it has made before the district court, we review for abuse of discretion" and will "reverse unless we conclude that the error was harmless." Id. at 576. In assessing the district court's application of the Guidelines, we review the district court's findings of fact for clear error. United States v. Layton, 564 F.3d 330, 334 (4th Cir. 2009). Only if we find the sentence procedurally reasonable can we consider the substantive reasonableness of the sentence imposed. Carter, 564 F.3d at 328. We apply a presumption of reasonableness to a within — Guidelines sentence. United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008).

At sentencing, Pardue argued that his role in the offense was minor such that he was entitled to a reduction in his total offense level. We conclude that the district court did not err in overruling the objection. See U.S. Sentencing Guidelines Manual § 3B1.2(b) & cmt. n.5 (describing two-level reduction available for minor participant); United States v. Powell, 680 F.3d 350, 359 (4th Cir.) (observing that "critical

3

inquiry" in assessing § 3B1.2 adjustment is whether defendant's conduct is essential to commission of offense), cert. denied, 133 S. Ct. 376 (2012). Furthermore, the district court provided an adequate, individualized explanation to support the sentence. See Carter, 564 F.3d at 330. Our review of the record therefore leads us to conclude that Pardue's within-Guidelines sentence was neither procedurally nor substantively unreasonable. See United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (presumption of reasonableness rebutted only upon showing that sentence is unreasonable when measured against § 3553(a) factors).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Pardue, in writing, of the right to petition the Supreme Court of the United States for further review. If Pardue requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pardue.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

4

before this court and argument would not aid the decisional process.

AFFIRMED